

# NUMBER 13-26-00337-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ANTONIO G. CANTU

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca[1]**

Relator Antonio G. Cantu filed a pro se petition for writ of mandamus, a supplemental petition for writ of mandamus, and a second supplemental petition for writ of mandamus through which he asserts that the trial court[2] abused its discretion by

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2025CI22843 in the 37th District Court of Bexar County, Texas. This original proceeding and two others arising from this same trial court cause number were transferred to this Court by order of the Texas Supreme Court. *See* Misc. Docket No.

ordering relator "to remove all allegations that describe criminal conduct" from his pleadings and by striking his pleadings for failing to do so.

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator must ordinarily show that: (1) the trial court committed a clear abuse of discretion; and (2) the relator lacks an adequate remedy on appeal. *In re Dallas HERO*, 698 S.W.3d 242, 247 (Tex. 2024) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus, the supplemental petition for writ of mandamus, the second supplemental petition for writ of mandamus, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny relator's petition for writ of mandamus, supplemental

26-9027 (Tex. Apr. 23, 2026). We dispose of the other two original proceedings by separate memorandum opinions issued on this same date. *See In re Cantu*, No. 13-26-00336-CV, 2026 WL _____, at *_ (Tex. App.—Corpus Christi–Edinburg Apr. __, 2026, orig. proceeding) (mem. op.); *In re Cantu*, No. 13-26-00338-CV, 2026 WL _____, at *_ (Tex. App.—Corpus Christi–Edinburg Apr. __, 2026, orig. proceeding) (mem. op.).

petition for writ of mandamus, and second supplemental petition for writ of mandamus.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
1st day of May, 2026.